DISTRICT COURT OF GUAM
TERRITORY OF GUAM

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

SOON C. PAE, aka "Mama Jeanie,"

Defendant/Petitioner.

Criminal Case No. 04-00029
Civil Case No. 07-00028

**ORDER**

This matter is before the court on Defendant/Petitioner's Motion to Set Aside, Correct or Vacate her Sentence of 87 months pursuant to 28 U.S.C. § 2255, and her motion for a re-sentencing on this matter. The Court **DENIES** the defendant's motion on the basis of ineffective assistance of counsel.

**I. FACTS**

On September 9, 2004, Soon C. Pae ("Petitioner") pled guilty to a charge of Criminal Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Petitioner pled guilty pursuant to a signed Rule 11(c)(1)(B) plea agreement which was filed on September 7, 2004.

With the aid of a Korean Interpreter present, the court conducted a Rule 11 hearing, and finding that the plea had been freely and voluntarily made and that the Petitioner had a full understanding of the charge and consequences of the plea, the plea was entered. On June 6, 2005,

the court sentenced the Petitioner to a term of 87 months.

The Petitioner filed an appeal with the Ninth Circuit on June 16, 2005. *See* Cr. Case No. 04-00029, Docket No. 25. On July 26, 2006, the appellate court affirmed the Petitioner's conviction in an unpublished memorandum. *United States v. Soon C. Pae, aka "Mama Jeanie,"* No. 05-10428 (9th Cir. July 26, 2006). The Petitioner filed this present motion on October 15, 2007.

## II. DISCUSSION

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Although inarticulately pled, the Petitioner apparently claims that she was provided ineffective assistance because counsel principally: (1) failed to inform Petitioner as to the nature of the amount, type or purity of drug involved in the charge to which she pled; (2) failed to inform Petitioner as to the mandatory nature of the Sentencing Guidelines; and (3) prejudiced the Petitioner by not appealing her judgment.

To succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate both that counsel's conduct was deficient and that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1986). To demonstrate deficiency by counsel, Petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Then, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The court will address each of the errors allegedly committed by counsel.

### A. Amount, Type and Purity of Drug Involved.

The Petitioner first contends that she was held guilty for a drug amount of which she neither admitted to nor was advised of. However, upon review of the plea agreement, the

Petitioner agreed that the amount of drugs involved was more than 50 grams. *See United States v. Soon C. Pae,* Cr. Case No. 04-00029, Docket No. 8. Moreover, at the plea colloquy the Petitioner was advised of the charge and the maximum sentence she faced. At the subsequent sentencing she was again advised that she was giving up her right to appeal or challenge the plea and was asked if she had any thing to say. She responded in the negative. While in hindsight, the Petitioner may regret her decision entering into the plea and not proceeding to trial, there is nothing indicating that she did not understand the nature of the charge to which she was pleading.

When alleging ineffective assistance of counsel in relation to entering into a plea agreement, a defendant must show "that but for counsel's error, he would either have gone to trial or received a better plea bargain." *United States v. Howard*, 381 F.3d 873, 882 (9th Cir.2004). Petitioner has made no such allegations and, given the benefits she received in entering the plea, any such assertions would be highly dubious.

### B. Mandatory Nature of the Sentencing Guidelines

Next, the defendant contends that her attorney was ineffective because counsel failed to explain the mandatory nature of the Sentencing Guidelines. The Petitioner also weaves her argument with an argument as to whether *Apprendi* applies. In *Apprendi v. New Jersey*, 530 U.S. 446, (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id.* at 468-69. The discussion around these matters is unclear and not readily understandable. In this instance, the Petitioner was facing a mandatory minimum sentence of 10 years and maximum sentence of life. Petitioner received a sentence of 87 months, no where in excess of the maximum sentence and less than the mandatory minimum sentence of 10 years (120 months). Moreover, with the ruling in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines were advisory at the time of the Petitioner's sentencing. Accordingly, this argument is not well taken, and she has failed to show how her attorney was ineffective in this regard.

### C. Filing of an Appeal.

Lastly, the Petitioner argues that counsel was ineffective because he failed to file an appeal

at her instruction. This argument fails entirely. Petitioner's counsel filed an appeal on June 16, 2005. As noted herein, the Ninth Circuit Court of Appeals affirmed this court's judgment on July 26, 2006.

### III.  CONCLUSION

Based upon the foregoing, the Court DENIES the Defendant's Motion to Vacate, Set Aside, or Correct Sentence on the grounds of ineffective assistance of counsel.

**IT IS SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 16, 2008**